SCIENTIFIC MACHINE CORPORATION, Plaintiff, *v.* MAURICE B. SIMMONS, Individually and as Property Clerk of the Police Department of the City of New York, Defendant.

Supreme Court, Trial Term, Kings County, June 13, 1943.

*Arthur M. Shorwitz* for plaintiff.

*Robert H. Schaffer, Acting Corporation Counsel,* for defendant.

F. E. JOHNSON, J. In this replevin action brought against the Property Clerk the plaintiff seeks the return of certain machines seized by the Police Department and turned over to the Property Clerk who still holds them and refuses to return them. The substantial question in the case is whether they are gambling devices. That question was presented in the Magistrate's Court when the man in charge of the machines was arrested and charged with violating the appropriate section of the Penal Law (§ 982). The result of that criminal proceeding would not be referred to here, because it is neither binding nor a precedent nor otherwise to affect the decision in this action, if the defendant had not put into evidence the decision of the Magistrate; it appears that he discharged that defendant on the ground that the machines did not violate the law.

I have reached the same conclusion. The premise upon which they are claimed to be illegal is that for five cents the person who plays the machine buys five chances to place the red ball in a position to be used by the patron. I think that fundamental premise is fallacious and that there is nothing in, on or about the apparatus to warrant that assumption.

There is no statement anywhere visible that the player will get five opportunities only; there are, above the so-called playing field, which bears a very faint resemblance to a baseball diamond, numbers running from one to fifteen; the red ball used is one of five that are visible and which are successively fed to a plunger which when struck by the patron forces the ball up in a vertical direction, but only the results of the player's first five attempts will disclose how many total attempts he is to have. The expert who testified for the defendant had frequently obtained as many as fifteen chances or shots for five cents, using the five red balls; there is no claim or assurance that the player will not get more than five chances. It frequently happens that he will get many more than five; too often it happens that he does not get more than five, but there is nothing, either in the mechanical construction, or in the notice to the public, to indicate that the money paid is in purchase of five chances to operate the lever that projects the red ball. The theory of the defense is that for five cents the player gets five shots, but if he gets more it is the

additional return, reward or other advantage mentioned in the law and thus the machine is a gambling apparatus.

I think it is not as sound to say this is the method, plan or operation of the machine, as it is to say that the player for that sum gets at least five chances but that all above five are problematical. There was proof which made it fair to say that the force with which the lever is operated will have some effect upon the progress of the ball each time it is hit, although its exact path cannot be plotted in advance; the direction it will take, however, is partly governed by chance and partly governed by the force with which it is projected. If it is struck lightly it will apparently make no such contacts as will keep the supply of chances continuing and keep a red ball supplied to the plunger; thereupon the total number of chances will be five. By the use of the well known formula in physics that " the angle of incidence is equal to the angle of reflection," the ball can be made to strike the rear obstacle in such a way, and under such force, that its deflection from the point of contact will be somewhat controlled; the control is small, and the variation of it is difficult, but one who has practiced a great deal, such as the expert who testified for the department, could run up a score of fifteen on the payment of but one five-cent charge. From this it seems apparent that it is possible to develop such skill in the force of the projection as to partly control the movement of the ball after it is struck, though in its future path there is undeniably an element of chance. However, the mere presence of some chance seems not to suffice, as a matter of law.

It is a false assumption that because one gets more than five chances, partly by reason of the manner of striking the plunger, additional chances above five are a reward or a return or a bonus; authorities cited, and based upon that assumption, are not in point.

The plaintiff made out a *prima facie* showing, not met by contradiction, that the machines were made and were owned by it at the time they were in its factory and when the police took them; the burden of proof on ownership and taking without consent and refusal to return has been met. The defendant, pleading certain defenses, sought to show that the machines are illegal and that, therefore, plaintiff can have no property in them; this claim is based upon authorities holding that chattels which violate the law cannot be the subject of suit for repossession.

The burden of proving this charge of illegality is on the defendant; in effect, that charge was that the plaintiff was guilty of a crime. Perhaps, as is the rule in criminal cases, a charge of criminal conduct in a civil suit must be proven by more than a preponderance of evidence; however, even judged by the preponderance of evidence test, defendant has failed to prove the matters pleaded in defense, and judgment will be for the plaintiff. The trial will be continued, because by consent only the question of liability was tried by both sides; on the continued date the question of plaintiff's damages, or the form of plaintiff's relief, will be considered, and testimony on that part of the case will be in order for both sides. The trial will continue in Trial Term, Part III, Queens, at the Court House, in Jamaica, at 10 A. M. on June 21, 1943.